REQUESTED BY: Senator David Landis Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Landis:
In your letter of February 25, 1983, you ask whether or not in our opinion the Legislature is empowered to hold confirmation hearings on gubernatorial appointments in several specified circumstances.
The particular circumstances about which you inquire are first, a reappointment to a second term on a commission or board; second, an appointment of an executive department director who was appointed and confirmed in a previous administration and retained by a current administration; and third, the appointment of the Adjutant General.
The legislative responsibilities in this regard generally come from both provisions of the Constitution of the State of Nebraska and from legislation enacted by the Legislature. Article IV, section 10 of the Constitution of the State of Nebraska provides: `The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise by law or herein provided for; . . .'
Additionally, the Legislature has provided in Neb.Rev.Stat. § 81-102 (1982 Supp.): `The Governor shall appoint heads for the various departments, subject to confirmation by a majority vote of the members elected to the Legislature.'
With respect to your first two questions, we believe that when an individual is again appointed by a subsequent Governor having been appointed initially by a previous Governor, that such an appointment is nevertheless an initial appointment for the present Governor and must be confirmed by the present Legislature. We believe this would be equally true for appointments to boards and commissions as it would be to appointments to head the various executive departments.
The situation concerning the Adjutant General is slightly different however. While we are of the opinion that an initial appointment of an individual to the position of Adjutant General must be confirmed by the Legislature, such an appointment is for a period of years until the individual reaches the age of 64 as is provided in Neb.Rev.Stat. § 55-136. It would appear that while such an individual could no doubt be removed by a new Governor, his continuation in office does not necessarily constitute a new appointment given his statutory tenure and it would not therefore be necessary to reappoint and reconfirm this individual.
Finally we note in passing, that while Neb.Rev.Stat. 81-102
(1982 Supp.) enumerates a number of department heads, this is not an exclusive list and the general language of Article IV, section 10 of the state Constitution, requires the submission and confirmation of all persons whose offices are established by law.
We would also note in passing that our research indicates that at least in several instances, persons originally appointed by the Exon administration, who were retained by the Thone administration, were appointed again by the new administration, submitted to the Legislature and confirmed after hearings before your body. Therefore in addition to the statutory and constitutional language referred to above, there is legislative precedent for this practice.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General